IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JACK CIOCCA,** | : | |
| | : | |
| **Petitioner,** | : | **CIVIL NO. 3:CV-05-1563** |
| | : | |
| **v.** | : | **(Judge Caputo)** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Respondent.** | : | |

**M E M O R A N D U M**

I.      **Introduction**

          Petitioner, Jack Ciocca, a federal prisoner confined at the United States Penitentiary

in Lewisburg (USP-Lewisburg), Pennsylvania, commenced this action, through counsel,

with petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241.

The appropriate filing fee has been paid in full.  Named as Respondent is the United States

of America.[1]  Petitioner claims that he has discovered evidence that discredits the

testimony of a key prosecution witness at his trial, and that Petitioner's sentence should be

vacated or modified without reliance on the discredited testimony.

II.      **Background**

          Petitioner was convicted in the United States District Court for the District of Maine

("Maine District Court") for the offenses of: (1) conspiracy to distribute and possess with

intent to distribute more than 500 grams of cocaine, and (2) possession with intent to

distribute more than 500 grams of cocaine and aiding and abetting same.  (Doc. 1 at 2.)  As

---

[1]Although Petitioner, a federal prisoner, is technically detained by the United States
of America, the proper Respondent in this action would be the "warden of the facility where
the prisoner is being held, not . . . some other remote supervisory official." *Rumsfeld v.
Padilla*, 124 S.Ct. 2711, 2718 (2004).

a result of the conviction, Petitioner was sentenced on March 26, 1996, to a term of

imprisonment of 188 months, followed by eight (8) years supervised release, and a fine of

$75,000.00 was imposed.  (*Id.*)  Subsequently, Petitioner filed: (a) two (2) motions to

vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in the Maine District Court;

(b) motions for recusal and new trial in the Maine District Court; (c) a motion for re-

sentencing in the Maine District Court; (d) a petition for writ of mandamus in the Maine

District Court; (e) an application to file a second or successive motion to vacate, set aside

or correct sentence in the United States Court of Appeals for the First Circuit; and (f) a

petition for writ of habeas corpus under 28 U.S.C. § 2241 in this Court.  (Doc. 1,

Attachment 1 at 1.)  All of these actions were denied.  (*Id.* at 2.)  Subsequently, Petitioner

filed the instant petition on August 4, 2005.  For the reasons that follow, the Court finds that

§ 2241 relief is unavailable to Petitioner, and will summarily dismiss the petition.

## III.    Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal

pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing

Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977)

(applicable to § 2241 petitions under Rule 1(b)).  *See, e.g.*, *Patton v. Fenton*, 491 F. Supp.

156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from

the face of the petition and any exhibits annexed to it that the petitioner is not entitled to

relief in the district court, the judge shall make an order for its summary dismissal and

cause the petitioner to be notified."  A petition may be dismissed without review of an

answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the

necessary facts can be determined from the petition itself . . . ."  *Allen v. Perini*, 424 F.2d

2

134, 141 (6th Cir.)  *Accord U.S. ex rel. DeCreti v. Wilson*, 967 F.Supp. 303 (N.D.Ill. 1997).

The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus

petition which should be dismissed for lack of merit on its face."  424 F.2d at 141.

Generally, a challenge to the validity of a federal conviction or sentence must be

brought in a §2255 motion.  *See United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir.

1999).  Thus, the Petitioner's proper avenue of relief is a section 2255 motion, filed in the

district court where he was convicted, *see United States v. Hatcher*, 76 F. Supp. 2d 604

(E.D. Pa. 1999), unless the Petitioner can show that the remedy under section 2255 would

be "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255 (West

Supp. 2000); *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000).

The Third Circuit Court of Appeals has stated that such inadequacy or

ineffectiveness is present, thereby allowing a § 2241 petition to substitute for a § 2255

motion, only where it is established "'that some limitation of scope or procedure would

prevent a Section 2255 proceeding from affording the prisoner a full hearing and

adjudication of his claim of wrongful detention.'"  *Brooks*, *supra*, 230 F.3d at 648 (quoting

*United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)).  "It is the

inefficacy of the remedy, *not a personal inability to utilize it*, that is determinative . . . ."

*Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) (emphasis added).  Petitioner has the

burden of proving that section 2255 would be an inadequate or ineffective remedy, *Reyes-*

*Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (citing *Pack v. Yusuff*, 218

F.3d 448, 452 (5th Cir. 2000)), and section 2241 should not be used as a way of evading

the gatekeeping provisions of section 2255.  *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.

1997).

3

Petitioner has filed two (2) motions under § 2255, he has sought permission to file a further § 2255 motion, and he has been denied.  Since he has sought such permission, and been denied, the Court must dismiss the present petition under 28 U.S.C. § 2244(a).[2]  At best, Petitioner has only demonstrated a personal inability to utilize the § 2255 remedy a again, because of the gatekeeping provisions in that section.[3]  Nothing in the instant petition establishes the inadequacy or ineffectiveness of the remedy.  Since section 2255 is not inadequate or ineffective to test the legality of Petitioner's detention or sentence, the Court will dismiss this 2241 petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.   An appropriate order follows.


Dated: August 29, 2005                   _____ /s/ A. Richard Caputo_____
                                                    A. RICHARD CAPUTO
                                                    United States District Judge

---

[2]28 U.S.C. § 2244(a) states:
      "No circuit or district judge shall be required to entertain an
application for a writ of habeas corpus to inquire into the detention of a
person pursuant to a judgment of a court of the United States if it appears
that the legality of such detention has been determined by a judge or court
of the United States on a prior application for a writ of habeas corpus,
except as provided in Section 2255."

[3]28 U.S.C. § 2255 states in pertinent part:
      "A second or successive motion must be certified as provided in
section 2244 by a panel of the appropriate court of appeals to contain —
            (1)  newly discovered evidence . . . or
            (2)  a new rule of constitutional law, made retroactive to cases on
            collateral review by the Supreme Court . . . ."

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JACK CIOCCA,** | : | |
| | : | |
| **Petitioner,** | : | **CIVIL NO. 3:CV-05-1563** |
| | : | |
| **v.** | : | **(Judge Caputo)** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Respondent.** | : | |

## O R D E R

**AND NOW, THIS 29th DAY OF AUGUST, 2005,** in accordance with the foregoing

memorandum, **IT IS HEREBY ORDERED THAT**:

1.  The petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) is

**DISMISSED** without prejudice to any right Petitioner may have to move the

appropriate court of appeals for an order authorizing the district court to consider a

successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3)(A).

2.  The Clerk of Court is directed to **CLOSE** this case.

3.  There is no basis for the issuance of a certificate of appealability.

    /s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge
